In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00236-CR


______________________________




RICKY TOLBERT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 05F323-102




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Ricky Tolbert appeals from his jury conviction of evading arrest with a vehicle. See Tex.
Penal Code Ann. § 38.04 (Vernon 2003). The jury assessed a punishment of twenty-one months'
imprisonment in a state-jail facility. Tolbert was represented by appointed counsel at trial and by
different appointed counsel on appeal. Tolbert's appellate attorney has filed a brief in which he
concludes that, after a review of the record and the related law, the appeal is frivolous and without
merit. 

 Appellate counsel summarizes the trial in his brief and states that he has studied the record
and finds no error preserved for appeal that could be successfully argued. The brief contains a
professional evaluation of the record and advances three arguable grounds for review: (1) legal and
factual sufficiency; (2) ineffective assistance of counsel; and (3) sufficiency of the indictment to
support the conviction. This meets the requirements of Anders v. California, 386 U.S. 738 (1967);
Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Tolbert on March 21, 2007, informing Tolbert of his
right to examine the entire appellate record and to file a pro se response. Counsel simultaneously
filed a motion with this Court seeking to withdraw as counsel in this appeal. When counsel's letter
was returned undelivered, counsel requested an extension of time for Tolbert to file his pro se
response. Counsel again mailed a copy of the brief and the letter advising Tolbert of his right to file
a pro se response, this time to Tolbert's new address, some time between March 27, 2007 and
April 4, 2007.

 The first arguable issue raised by counsel is legal and factual sufficiency of the evidence.
Mike Jones, a Texarkana, Texas, police officer, testified he attempted to stop a vehicle Tolbert was
driving when Jones determined that the vehicle had been reported stolen. Jones stated he turned on
his patrol car's overhead lights and siren; however, the driver of the vehicle refused to stop. Jones
testified that a chase ensued, but the driver of the vehicle got away. Jones further testified that a
purse belonging to Michelle Millon was found along the route of the chase. 

 Michelle Millon testified and admitted being a passenger in the evading vehicle and losing
her purse during the chase. She identified Tolbert as the driver of the vehicle. 

 Officer Gary Brown testified that he was a police officer with the City of Texarkana, Texas,
and that he followed up on the identification and license plate number of the pursued vehicle. Brown
testified that Tolbert was apprehended in close proximity to the vehicle; that Tolbert possessed the
keys to that vehicle; that documents were found in the vehicle relating to Tolbert; and that Tolbert,
along with another person, had initially rented the vehicle. 

 There was no evidence offered refuting or contradicting any of this testimony. 

 The second arguable issue raised by counsel is ineffective assistance of counsel. From
appellate counsel's review of the record, trial counsel appeared at trial, conducted a voir dire of the
jury panel, and effectively cross-examined each of the State's witnesses. Our review of counsel's
representation is highly deferential, and we indulge a strong presumption that counsel's conduct falls
within a wide range of reasonable representation. Strickland v. Washington, 466 U.S. 668, 689
(1984); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). There
is no such evidence in the record of error reaching the constitutional standard.

 The third arguable point of error counsel advances is the sufficiency of the indictment to
support Tolbert's conviction. The indictment against Tolbert alleges all the necessary elements of
evading arrest or detention with a vehicle. See Tex. Penal Code Ann. § 38.04. No objection was
made to the indictment at the trial court level. The indictment alleges everything necessary to be
proven, and no fundamental error is shown.

 We have reviewed these possible issues raised by counsel in his appellate brief, and we agree
with his assessment that no reversible error exists. Our independent review of the record has not
revealed any reversible error. (1)

 We affirm the judgment of the trial court. 


 Bailey C. Moseley

 Justice


Date Submitted: May 29, 2007

Date Decided: May 30, 2007


Do Not Publish

1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Tolbert in this case. No substitute
counsel will be appointed. Should Tolbert wish to seek further review of this case by the Texas
Court of Criminal Appeals, Tolbert must either retain an attorney to file a petition for discretionary
review or he must file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 68.4. 


uld have found the essential elements of the crime beyond a
reasonable doubt. Jackson, 443 U.S. at 319. Bell signed the "Appearance and
Announcement Form," and friends testified he knew he was supposed to be in court on
September 20. Although the testimony showed that Bell attempted to be in court on
September 20 but was prevented from doing so by car trouble, no evidence was presented
that Bell attempted to contact or contacted his bail bondsman, his attorney, or the court. 
Bell never returned to Hopkins County voluntarily; a warrant had to be issued for his arrest. 
A rational trier of fact could have found that Bell intentionally or knowingly failed to appear. 
The evidence is legally sufficient to support the verdict. As to the factual sufficiency of the
evidence, a neutral review of the evidence does not show the verdict is factually so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
See Clewis, 922 S.W.2d at 129.

 We affirm the judgment of the trial court.



 Donald R. Ross

 Justice


Date Submitted: October 4, 2001

Date Decided: November 8, 2001


Publish

1. In the underlying offense, Bell had been charged with possession of marihuana in
the amount of 2,000 pounds or less but more than 50 pounds, a felony of the second
degree. Tex. Health & Safety Code Ann. § 481.121(b)(5) (Vernon Supp. 2001). The
offense of bail jumping and failure to appear is a felony of the third degree if the offense
for which the accused's appearance was required is classified as a felony. Tex. Pen. Code
Ann. § 38.10(f) (Vernon 1994).
2. Bell was subject to enhancement on his punishment because of prior convictions,
including three prior convictions in Harris County for possession of a controlled substance.
3. We may take judicial notice of facts which are notorious, well-known, or easily
ascertainable. Eagle Trucking Co. v. Texas Bitulithic Co., 612 S.W.2d 503, 506 (Tex.
1981); see Ex parte Britton, 382 S.W.2d 264, 265 (Tex. Crim. App. 1964). This includes
distances between two geographic locations. Campbell v. Campbell, 477 S.W.2d 376, 378
n.2 (Tex. Civ. App.-Amarillo 1972, no writ); Dixie Motor Coach Corp. v. Fry, 177 S.W.2d
992, 994 (Tex. Civ. App.-Dallas), rev'd on other grounds, 142 Tex. 589, 180 S.W.2d 135
(1944).